FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 16, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK J. R., | NO:  4:22-CV-5092-RMP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Patrick J. R.[1], ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 11.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) of the Commissioner's partial denial of his claim for Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  *See* ECF No. 10 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and middle and last initials.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 1

1      Having considered the parties' briefs, the administrative record, and the

2  applicable law, the Court is fully informed.  For the reasons set forth below, the

3  Court denies Plaintiff's Motion for Summary Judgment and directs entry of

4  judgment in favor of the Commissioner.

5                                **BACKGROUND**

6  ***General Context***

7      Plaintiff applied for SSI benefits on October 29, 2019, alleging onset on

8  January 15, 2019.  Administrative Record ("AR")[2] 216.  Plaintiff was 35 years old

9  on the alleged onset date and asserted that he is unable to work due to degenerative

10  disc disease, depression, anxiety, and post-traumatic stress disorder ("PTSD").  *See*

11  AR 216, 241.  Plaintiff's application was denied initially and upon reconsideration,

12  and Plaintiff requested a hearing.  *See* AR 155–60.

13      On May 12, 2021, Plaintiff appeared by telephone, represented by non-

14  attorney representative Justin Jerez[3], at a hearing held by Administrative Law Judge

15  ("ALJ") Lori Freund from Spokane, Washington.  AR 56–58.  The ALJ heard from

16  Plaintiff as well as medical expert psychologist Ricardo Buitrago, Psy.D. and

17  ─────────────────

18  [2] The Administrative Record is filed at ECF No. 7.

19  [3] Plaintiff provided the Social Security Administration ("SSA") with an
   Appointment of Representative form naming D. James Tree of Tree Law PLLC as
20  his principal representative and Mr. Jerez, of the same firm, as an additional
   representative.  AR 52–53.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 2

vocational expert ("VE") D.T. North.  AR 60–92.  ALJ Freund issued an

unfavorable decision on June 29, 2021, and the Appeals Council denied review.  AR

1–6, 15–33.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Freund found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since

October 29, 2019, the application date.  AR 17.

**Step two:** Plaintiff has the following severe impairments: major depressive

disorder; generalized anxiety disorder; attention deficit-hyperactivity disorder

("ADHD"); post-traumatic stress disorder ("PTSD"); degenerative disc disease of

the lumbar spine; and cannabis use disorder.  AR 17 (citing 20 C.F.R. § 416.920(c)).

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

combination of impairments, that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

416.920(d), 416.925, and 416.926).  AR 18.  With respect to Plaintiff's physical

impairments, the ALJ memorialized that he considered listings 1.15 for disorders of

the skeletal spine resulting in compromise of a nerve root, 1.16 for lumbar spinal

stenosis resulting in a compromise of the cauda equina.  AR 18–19.  In assessing the

severity of Plaintiff's mental impairments, the ALJ considered listings 12.04, 12.06,

12.11, and 12.15 and whether Plaintiff satisfied the "paragraph B" criteria.  AR 19.

The ALJ found that Plaintiff is moderately limited in understanding, remembering, or applying information; in interacting with others; in concentrating, persisting, or maintaining pace; and in adapting or managing oneself.  Therefore, the ALJ found that Plaintiff did not exhibit a marked limitation in a broad area of functioning.  AR 20.  The ALJ also memorialized his finding that the evidence in Plaintiff's record fails to satisfy the "paragraph C" criteria.  AR 20.  The ALJ referred to Dr. Buitrago's testimony and reasoned as follows:

> It was Dr. Buitrago's conclusion in his testimony that claimant's mental impairments, considered individually and in combination, as well as consideration of the effects of substance use, do not meet or medically listing level severity. Dr. Buitrago advised that his assessed limitations in the above paragraph B criteria take into consideration the effects of claimant's cannabis use disorder.
> . . .
> Dr. Buitrago testified that the claimant's record does not establish the paragraph C criteria.

AR 20.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff can perform "light work as defined in [20 C.F.R. § 416.967(b)] with the following limitations. He is able to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for at least 6 hours in an 8-hour day, and sit for at least 6 hours in an 8-hour day, with normal breaks. He is able to occasionally climb ladders/ropes/scaffolds, stoop and crouch, and frequently climb ramps/stairs, kneel and crawl. He should avoid even moderate exposure to unprotected heights

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 4

and hazardous machinery. He is limited to simple and repetitive tasks, only occasional interaction with the general public and coworkers, and only occasional changes in work setting."  AR 21.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged physical symptoms.  However, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR 22.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant work.  AR 31 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff was 36 years old, which is defined as a younger individual age 18–49, on the date the application was filed and that Plaintiff has a limited education.  AR 31.  The ALJ further found that transferability of job skills is not material to the determination of disability because "using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills."  AR 31 (citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).  The ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the

following representative occupations identified by the VE: marker (light, unskilled

work with approximately 129,000 jobs nationally); poultry dresser (light, unskilled

work, with approximately 20,000 jobs nationally; and routing clerk (light, unskilled

work, with approximately 105,000 jobs nationally).  AR 32.  In conclusion, the ALJ

found that Plaintiff has not been under a disability, as defined by the SSA, since he

filed his application on October 29, 2019.  AR 32.

Through counsel Mr. Tree, Plaintiff sought review of the ALJ's unfavorable

decision in this Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the

Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

Commissioner's denial of benefits only if the ALJ's determination was based on

legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

determination that a claimant is not disabled will be upheld if the findings of fact are

supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if they are engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §

416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past work experience.  20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant

can perform other substantial gainful activity, and (2) a "significant number of jobs

exist in the national economy" that the claimant can perform.  *Kail v. Heckler*, 722

F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.      Did the ALJ erroneously discount Plaintiff's subjective complaints?

2.      Did the ALJ erroneously assess the medical source opinions?

### *Subjective Symptom Testimony*

Plaintiff argues that the ALJ erred in rejecting his testimony based on

conservative treatment, inconsistency with objective medical findings, evidence of

improvement, and other inconsistencies.  ECF No. 10 at 7–12.  Specifically, Plaintiff

argues that the ALJ erred in considering pain and psychiatric medications, physical

therapy, and joint and facet nerve block injections as "conservative treatment."  *Id.*

at 7 (citing *Garrison v. Colvin*, 759 F.3d 995, 1015 n. 20 (9th Cir. 2014) (expressing

"doubt that epidural steroid shots to the neck and lower back qualify as

'conservative' medical treatment).  Plaintiff adds that the record does not indicate

that more aggressive treatment options were available to Plaintiff.  *Id.* at 8 (citing

AR 367, 371, 389, 514, 554, 762, and 772; *citing Lapeirre-Gutt v. Astrue*, 382 Fed.

Appx. 662, 664 (9th Cir. 2010) (finding that "[a] claimant cannot be discredited for

failing to pursue non-conservative treatment options where none exists").

1    With respect to objective findings, Plaintiff argues that the ALJ could not rely

2    on a lack of support from the objective findings alone to discount Plaintiff's

3    allegation regarding back pain.  ECF No. 10 at 8–9 (citing SSR 16-3; *Light v. Soc.*

4    *Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).  With respect to Plaintiff's mental

5    symptoms, Plaintiff argues that the ALJ did not rely on substantial evidence in

6    finding that his psychological examinations have usually been within normal limits.

7    *Id.* at 9 (citing AR 23).  Plaintiff cites to records indicating that he presented with

8    psychological symptoms.  *Id.* at 9–10 (citing AR 23, 328, 340, 346, 351–52, 361,

9    496–547).  Plaintiff maintains that "[t]aken as a whole, [Plaintiff's] medical records

10   document continued depression and anxiety consistent with his testimony."  *Id.* at

11   10.

12   Plaintiff also asserts that the ALJ did not cite to evidence of sustained

13   improvement, as the record indicates that the symptom improvement Plaintiff

14   reported in February 2020 had dissipated by May and June 2020 and did not amount

15   to a broader trend.  ECF No. 10 at 11 (citing AR 24, 610–11, 620, 682, and 687).

16   Lastly, Plaintiff argues that while the ALJ discounted Plaintiff's testimony based on

17   many of the clinician's opinions being based on Plaintiff's self-reports, "a clinical

18   interview and mental status evaluation are objective measures and cannot be

19   discounted as a 'self-report.'"  *Id.*  at 12 (quoting *Buck v. Berryhill*, 869 F.3d 1040,

20   1049 (9th Cir. 2017)).  Furthermore, Plaintiff disputes that there were

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 11

1    inconsistencies in his reports, as he calls attention to the discussion at the hearing

2    that he does not believe his use of marijuana to amount to "substance abuse."  *Id.*

3    (citing AR 25, 77).

4         The Commissioner responds that the ALJ cited to evidence of conservative

5    treatment in the form of Plaintiff's responding well to physical therapy in 2019 and

6    then ceasing treatment after only three sessions.  ECF No. 11 at 4 (citing AR 15,

7    216).  The Commissioner cites to further evidence that Plaintiff responded well to

8    physical therapy in April 2020 and otherwise has addressed his physical symptoms

9    with medications such as an anti-convulsant, NSAIDs, and a muscle relaxer.  *Id.*

10   (citing AR 23, 367, 372, 516, 705; *Christine M. v. Kijakazi*, No. 3:20-CV-1708-SI,

11   2021 WL 4709722, at *6 (D. Or. Oct. 8, 2021); *Thomas v. Berryhill*, No. 3:16-

12   CV-00800-HZ, 2017 WL 1073367, at *5 (D. Or. Mar. 21, 2017) (district court

13   decisions finding medications and/or physical therapy to amount to conservative

14   treatment).  The Commissioner asserts that the fact that Plaintiff reported receiving

15   eighty percent relief from three injections, in June, July, and August 2020, "does not

16   undermine the ALJ's conclusion . . . [that Plaintiff] 'overall [received] only limited,

17   conservative treatment.'"  *Id.* at 5 (citing AR 22, 575–76, 714–15, and 726–27).

18        With respect to Plaintiff's daily activities, the Commissioner argues that

19   substantial evidence supported the ALJ's reasoning that Plaintiff's activities are

20   inconsistent with the degree of impairment that Plaintiff alleges.  ECF No. 11 at 6

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 12

The Commissioner submits that, contrary to Plaintiff's reports of disabling pain and difficulty with all physical activities, Plaintiff reported being able to camp for four days in 2020.  *Id.* at 6 (citing AR 21, 24, 619).  The Commissioner adds that more evidence not cited by the ALJ further supports that Plaintiff was able to be more active than his reported physical limitations would seem to allow.  *Id.* (citing AR 372, indicating that Plaintiff requested twenty days of medication for a backpacking trip in September 2019); *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006) (providing that district courts may consider "additional support" where the Commissioner is "not asking the court to invent a new ground [for the] decision").  The Commissioner adds, "Furthermore, contrary to Riggins's contention that he had problems getting along with others, he went camping with friends, received rides from others, shopped in stores, socialized, and went to church. Additionally, in 2020, he reported that his pain from physical therapy affected his ability to help care for his nieces and nephews."  *Id.* (citing AR 20–21, 267–68, 24, 372, 565).

Next, the Commissioner asserts that substantial evidence supports the ALJ's reasoning that "'[t]he claimant's imaging, neuromuscular examinations, consultative psychological evaluation, mental status screenings and treatment/progress notes do not support the degree of severity alleged.'"  AR 22. The Commissioner cites to records indicating the spinal and pelvic imaging revealed

no significant issues and the unchallenged medical source opinions by Norman

Staley, MD, and Robert Hander, MD that Plaintiff's imaging is consistent with light

work. *Id.* at 8 (citing AR 105, 109, 127–30 105, 108-09, 125–27). The

Commissioner also directs the Court to Plaintiff's medical records evidencing

unremarkable physical examinations. *Id.* at 8–9 (citing AR 22, 324, 378, 385, 432,

443, 459, 496, 504, 557, and 724). With respect to Plaintiff's psychological

limitations, the Commissioner argues that the record supports the ALJ's reasoning

that Plaintiff's overall unremarkable presentation during mental status examinations

is inconsistent with Plaintiff's complaints of difficulty getting along with people and

problems with memory and concentration. *Id.* (citing AR 21, 23–24, 360–61, 321,

324, 328, 340, 351–52, 371, 447, 450, 454, 484, 557, 573, 683, 706, 720, 732, 744,

780).

Plaintiff replies that when he sought further relief for his back pain from an

orthopedist when injections were not helpful, the physician did not suggest surgery

and referred Plaintiff to his primary care provider for a rheumatologic workup. ECF

No. 12 at 2 (citing AR 772). Plaintiff adds, "Riggins repeatedly sought out

treatment; the fact that more aggressive treatment was not effective, not

recommended, or available to him is therefore not a valid reason for rejecting his

symptom testimony." *Id.* (citing *LaPeirre-Gutt*, 382 Fed. Appx. at 664). Plaintiff

further argues that doctors would not prescribe a more aggressive mediation regimen

1 to address his symptoms because of Plaintiff's history of illicit drug use; therefore,

2 Plaintiff's medications are not clear and convincing support for finding conservative

3 treatment. *Id.* at 3 (citing AR 762).

4   Plaintiff further replies that the Commissioner does not explain how going

5 camping for a few days is inconsistent with Plaintiff's description of his severely

6 depressed moods and back pain that limits his ability to sit, stand, or walk for

7 extended periods. ECF No. 12 at 3–4 (citing AR 21–22). Lastly, Plaintiff reiterates

8 his argument that the ALJ did not cite to evidence that demonstrates improvement to

9 the point of nondisability. *Id.* at 4–5 (citing 546–47)

10   In deciding whether to accept a claimant's subjective pain or symptom

11 testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d

12 1273, 1281 (9th Cir. 1996). First, the ALJ must evaluate "whether the claimant has

13 presented objective medical evidence of an underlying impairment 'which could

14 reasonably be expected to produce the pain or other symptoms alleged.'"

15 *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

16 *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the first test is met and there

17 is no evidence of malingering, "the ALJ can reject the claimant's testimony about

18 the severity of [his] symptoms only by offering specific, clear and convincing

19 reasons for doing so." *Smolen*, 80 F.3d at 1281.

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 15

There is no allegation of malingering in this case.  *See* AR 20.  Plaintiff alleged the following impairment, as summarized in the ALJ's decision:

> The claimant has asserted disability from working due to a combination of physical and mental conditions including lower back arthritis/degenerative disc disease, depression, anxiety and PTSD. He reported that he has received physical therapy but has been in a lot of pain after treatment, and noted his anxiety is worse since the COVID-19 pandemic. He further reported having some surgical procedures on his back for arthritis in the lower back. He reported that he has a lot of pain due to degenerative disc disease, and has difficulty being around people due to PTSD, noting he does not leave his room. He further reported problems with shortness of breath, depression and self-harm behavior. He indicated that his conditions affect his abilities lifting, standing, walking, sitting, kneeling, bending, squatting, reaching, climbing stairs, as well as affect his memory and concentration, and ability to get along with others. At the hearing, the claimant testified to ongoing problems with chronic back pain, depression and anxiety, and having anxiety "attacks" in past employment, noting at times he could not perform job duties and has had to leave work early a couple of times because of anxiety, "breaking out into a cold sweat," and feeling overwhelmed. He noted that his back pain and problems including pain down the right side of his body limits his ability to sit, stand or walk for extended periods. He testified that no treatment, including pain medications and injections, seems to work for his back pain. He indicated that his chronic pain also affects his mental health and makes his depression worse, noting he has periods of severe depressed mood and engages in self-harm behaviors/cutting himself at times. He testified that he participates in mental health counseling, recently by telephone due to COVID.

AR 21 (internal citations to AR 240–47, 264–71, 281–88 omitted).

Here, the ALJ found Plaintiff's subjective complaints of disabling pain and psychological limitations not fully consistent with the cumulative evidence.  AR 23. This Court finds the ALJ's evaluation supported by substantial evidence.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 16

Although the lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, the ALJ may consider this factor when conducting his analysis. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records, including the treatment record, imaging studies, assessments of multiple consultative examiners, and the findings of the psychologist who testified as a medical expert at the administrative hearing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

The ALJ also noted that Plaintiff was treated "with pain and psychiatric medications, as well as physical therapy and sacroiliac joint and facet nerve block injections for low back pain, the objective medical record for the adjudicative period shows overall only limited, conservative treatment." AR 22. "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). While Plaintiff disputes that he could not take more aggressive pain medications because of his history of substance abuse and argues that injections cannot be considered conservative measures, Plaintiff's own medical record characterizes his treatment as conservative. AR 764 ("I recommend he continue to see pain specialist and exhaust all minor procedural possibilities and conservative measures before

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 17

considering any major surgical procedures.").  Moreover, Plaintiff does not cite the Court any authority holding that injections cannot be considered to be a conservative measure.  *See Garrison*, 759 F.3d at 1015 n. 20 (in opinion cited by Plaintiff, Ninth Circuit merely expressed "doubt," in a footnote, that the claimant's epidural steroid shots to the neck and lower back amounted to 'conservative' medical treatment).

The ALJ further noted that the "[a]dditional inconsistencies by the claimant further lessen the persuasiveness and supportability of his symptom reports" and that the record indicated that Plaintiff had been noncompliant with prescribed medication for his psychological symptoms.  AR 25.  Plaintiff does not challenge that in March 2019, within the relevant period, his clinician noted that Plaintiff acknowledged not taking the medications that had been prescribed and had been advised not to discontinue medication usage without consulting with his healthcare provider.  AR 344, 347.

Where, as here, substantial evidence supports the ALJ's assessment of the claimant's subjective complaints, and the ALJ's reasons cumulatively amount to specific, clear, and convincing bases to discount Plaintiff's claims, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation."  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 18

functions solely of the [Commissioner].").  Therefore, the Court finds no error on this ground.

### *Medical Source Opinion*

Plaintiff argues that the ALJ erroneously evaluated the medical source opinion from examining psychologist David T. Morgan, PhD.  ECF No. 10 at 15–19. Plaintiff argues that the ALJ did not provide sufficient reasoning for finding Dr. Morgan's opinion unpersuasive by stating that Dr. Morgan had not "reviewed any of claimant's medical record" and had based his opinion merely on a "'one-time, consultative evaluation.'"  ECF No. 10 at 15–16 (quoting AR 28).  Plaintiff argues that conducting a one-time consultative examination is not unusual or noteworthy for medical sources.  *Id.* (citing *Henderson v. Astrue*, 634 F.Supp.2d 1182, 1192 (E.D. Wash. 2009), for the proposition that "an ALJ's implication that a medical source's opinion should be rejected in part because they are based on one-time exams is erroneous).  Plaintiff adds that "[i]t is not clear from the available information whether or not Dr. Morgan considered any of [Plaintiff's] medical records, as he does not specify what records [the Washington State Department of Social and Health Services ("DSHS")] possessed and were available for review."  *Id.* at 15.

Plaintiff further faults the ALJ for noting that Dr. Morgan's evaluation was "'for purposes of determining claimant's eligibility for state DSHS public assistance

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 19

benefits.'" ECF No. 10 at 16 (citing AR 28). Plaintiff cites Ninth Circuit caselaw providing that "the 'purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them. And examining doctor's findings are entitled to no less weigh when the examination is procured by the claimant than when it is obtained by the Commissioner.'" *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)).

Plaintiff proceeds to argue that the ALJ's reasoning that Dr. Morgan "'appears to rely heavily on the claimant's self-reports" also is legally insufficient as a basis to discount Dr. Morgan's opinion. ECF No. 10 at 16 (citing AR 28). Plaintiff cites to caselaw supporting that an "ALJ errs by rejecting the opinion as 'more heavily based on [the] patient's self-report than on clinical observations'" when the clinician also discusses his own observations, diagnoses, and prescriptions. *Id.* at 17 (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (internal quotation omitted).

Plaintiff raises three other issues regarding the ALJ's treatment of Dr. Morgan's opinion. First, Plaintiff argues that the ALJ could not reject Dr. Morgan's opinion merely because it was provided on a check-box form, as the Ninth Circuit has found that "'there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments.'" ECF No. 10 at 17 (quoting *Trevizo v. Berryhill*, 871 F.3d 664, 677 n. 4 (9th Cir. 2017)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 20

1    Second, Plaintiff argues that the ALJ made an impermissibly cursory

2  conclusion that some normal findings in Dr. Morgan's mental status examination

3  and elsewhere in the record "'do not seem consistent'" with the marked degree of

4  limitation to which Dr. Morgan opined. *Id.* at 17–18 (quoting AR 29).  Plaintiff

5  asserts that the ALJ must provide more explanation for his conclusion. *Id.* at 18

6  (citing *Garrison*, 759 F.3d at 1012).  Plaintiff adds that the snapshot that a brief

7  evaluation offers of Plaintiff's mental state "may not be directly transferrable to a

8  workplace environment." *Id.* at 18 (citing *Kangail v. Barnhart*, 454 F.3d 627, 629

9  (7th Cir. 2006) (finding no contradiction where patient "was behaving pretty

10  normally during her office visits").

11    Third, Plaintiff argues that the ALJ did not provide a legally sufficient reason

12  for finding Dr. Morgan's opinion unpersuasive when he wrote that Dr. Morgan "'did

13  not adequately account for the effect of claimant's substance use on symptoms,"

14  particularly ongoing cannabis use. *Id.* at 18–19.  Plaintiff argues that the ALJ is

15  required to first determine whether Plaintiff is disabled under the five-step inquiry

16  and then should consider whether Plaintiff would be disabled absent the effect of

17  cannabis use. *Id.* (citing *Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir.

18  2001)).

19    The Commissioner counters that the ALJ reasonably found three opinions

20  more persuasive than Dr. Morgan's.  ECF No. 11 at 14.  The Commissioner

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 21

highlights that Dr. Buitrago reviewed all of the medical evidence and testified at the

hearing that Plaintiff could perform simple tasks requiring no more than occasional

contact with others. *Id.* (citing AR 63–75). The Commissioner continues that Dr.

Buitrago's opinion "echoed the prior administrative findings of Michael Regets,

PhD and Jan L. Lewis, PhD." *Id.* (citing AR 109–11, 127–28).

The Commissioner subsequently argues that substantial evidence supported

the ALJ's reasoning that Dr. Morgan's opinion is not well supported, as "Dr.

Morgan (1) did not review the records, (2) conducted a one-time forensic evaluation,

(3) offered only a checked-box form, with no meaningful explanation, and (4) relied

on [Plainiff's] subjective complaints and cited limited 'clinical objective findings.'"

ECF No. 11 at 14–15 (citing AR 28–29). The Commissioner asserts that

"familiarity with the claimant and the record" and that Dr. Morgan's checked-box

form provided no meaningful explanation and instead limited itself to the "sole

purpose" of assessing Plaintiff's ability to engage in "'gainful employment based on

DSHS criteria for disability(ies) pertaining to eligibility for ABD/HEN or

TANF/WorkFirst programs ONLY." *Id.* at 15 (citing AR 360) (boldface added by

the Commissioner removed). The Commissioner continues that the ALJ further

noted that Dr. Morgan's report contained contradictions and lacked objective

support, which the Commissioner submits is exemplified by the fact that Dr. Morgan

diagnosed Plaintiff with only "PTSD and moderate depression, but assessed marked

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 22

and severe limitations." *Id.* at 16 (citing AR 27–28, 358–59) (citing *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) (holding that an ALJ is not required to assume that mild to moderate depression is severe enough to require mental limitations in the residual functional capacity assessment).  The Commissioner further cites to portions of the record that the Commissioner maintains show that there were discrepancies that undermined Dr. Morgan's opinion, including that other clinicians noted that Plaintiff did not disclose to Dr. Morgan that he continued to use marijuana and that Plaintiff reported to Dr. Morgan that he had difficulty being around people and being irritable while the examination showed that Plaintiff was cooperative.  *Id.* (citing AR 25, 29, 321, 357–58, 435, 446, 544, 552, 555–56, 572, 620, 626, 639, 643, 645, 671, 675, 683, 711, 719, 731, 743, 750, 758, and 770).

In addition, the Commissioner argues that the ALJ is "'the final arbiter with respect to resolving ambiguities in the medical evidence,'" and that the ALJ relied on "ample support" to find that, aside from depressed mood, tearful affect, and memory difficulties, Dr. Morgan's examination was normal.  *Id.* at 16–17 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008)); citing AR 66 (testimony by Dr. Buitrago that Dr. Morgan's exam "was generally within normal limits" and did not support marked to severe functional limitations).

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence, and require the ALJ to

articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 404.1520c(b)(2).  With respect to these two factors, the regulations provide that an opinion is more persuasive in relation to how "relevant the objective medical evidence and supporting explanations presented" and how "consistent" with evidence from other sources the medical opinion is.  20 C.F.R. § 404.1520c(c)(1).  The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 404.1520c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence.

1  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to

2  any fact, if supported by substantial evidence, shall be conclusive . . . .").

3       Prior to revision of the regulations, the Ninth Circuit required an ALJ to

4  provide clear and convincing reasons to reject an uncontradicted treating or

5  examining physician's opinion and provide specific and legitimate reasons where the

6  record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654

7  (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security

8  regulations revised in March 2017 are "clearly irreconcilable with [past Ninth

9  Circuit] caselaw according to special deference to the opinions of treating and

10  examining physicians on account of their relationship with the claimant."  *Woods v.*

11  *Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22,

12  2022).  The Ninth Circuit continued that the "requirement that ALJs provide

13  'specific and legitimate reasons' for rejecting a treating or examining doctor's

14  opinion, which stems from the special weight given to such opinions, is likewise

15  incompatible with the revised regulations."  *Id*. at *15 (internal citation omitted).

16       Accordingly, as Plaintiff's claim was filed after the new regulations took

17  effect, the Court refers to the standard and considerations set forth by the revised

18  rules for evaluating medical evidence.  *See* AR 15, 216.

19       Dr. Morgan evaluated Plaintiff for DSHS on October 24, 2019.  357–62.  Dr.

20  Morgan reported that he reviewed unspecified "DSHS records."  AR 357.  On

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 25

mental status exam, Plaintiff was well groomed; exhibited normal speech and a cooperative attitude and behavior; and presented with a depressed mood and tearful affect. AR 360–61. Dr. Morgan further indicated that Plaintiff's fund of knowledge, concentration, abstract thought, insight, and judgment all were within normal limits, but that Plaintiff exhibited challenges with recent and immediate memory. AR 361. Dr. Morgan found that Plaintiff had symptoms of depression and PTSD. AR 358. Dr. Morgan opined that Plaintiff is markedly limited in seven basic work activities, severely limited in three others, and mildly or not limited in one activity. AR 359. Dr. Morgan opined that plaintiff's overall level limitation is marked. AR 359. Dr. Morgan opined that Plaintiff's limitations regarding basic work activities were not the result of substance use and would last twelve months. AR 359–60. Dr. Morgan concluded with the following "DISCLAIMER":

> The sole purpose of this evaluation is to assess the ability of claimant to engage in gainful employment based on DSHS criteria for disability(ies) pertaining to eligibility for ABD/HEN or TANF/WorkFirst programs ONLY. Use of this evaluation for any other purpose, including parenting, custody, divorce, civil or criminal forensic matters is contrary to the intent of the evaluation and deemed inappropriate.

AR 360.

The ALJ found Dr. Morgan's opinion "not persuasive" and discussed her reasoning in the context of her evaluation of all of the medical source opinions in the record. AR 27–29. Plaintiff asserts that the ALJ could not find Dr. Morgan's

opinion unreliable for being based largely on Plaintiff's self-reports, unspecified "DSHS records," and a one-time evaluative encounter with Plaintiff. *See* ECF No. 10 at 16. However, the ALJ appropriately considered the nature of Dr. Morgan's encounter with Plaintiff and whether his opinion was sufficiently supported to be persuasive. AR 27–29. Moreover, it was not legal error for the ALJ to discount Dr. Morgan's opinion to the extent that it lacked any explanation for the conclusions that he reached about how limited Plaintiff is in his ability to work. *See Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012) (ALJ properly rejected physician assistant's opinion where it consisted of a check-the-box form and failed to provide supporting reasoning); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions"); *De Guzman v. Astrue*, 343 F. App'x 201, 209 (9th Cir. 2009) (ALJ was "free to reject" doctor's check-off report that did not explain basis for conclusions). The ALJ further considered whether Dr. Morgan's opinion is consistent with evidence from other sources and articulated why he considered Dr. Morgan's opinion to be less persuasive than other sources. AR 27–29. As these are the relevant factors from the governing framework, and the ALJ referred to substantial evidence in applying the factors, the Court finds no error in the ALJ's treatment of Dr. Morgan's opinion.

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 27

## CONCLUSION

As the Court finds no error in the two issues raised by Plaintiff, the Court denies Plaintiff's Motion for Summary Judgment and grants judgment in favor of the Commissioner.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2.  Defendant the Commissioner's Brief, **ECF No. 11**, is **GRANTED**.

4.  Judgment shall be entered for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** August 16, 2023.


       *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge